IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES SPEARS, JR.                                                    PLAINTIFF
ADC #122695

v.                              No. 3:22-cv-69-DPM

JENNIFER EPHLIN, Former
Shift Supervisor, Osceola Police
Department; CHRIS VAUGHN,
Officer, Osceola Police Department;
and DAKOTA DUNKIN, Officer,
Osceola Police Department                                          DEFENDANTS

ORDER

The Court must re-screen the allegations in Spears's § 1983 complaint about his traffic stop and arrest. 28 U.S.C. § 1915(e). Just past 9:00 p.m. on 17 March 2019, Officer Dunkin stopped Spears for allegedly talking on his cell phone while driving. *Doc. 1*. Spears believes the stop was racially motivated. He says that when he was pulled over, he was experiencing a mental health crisis. He alleges that Officer Dunkin's actions during the stop caused the crisis to intensify. *Doc. 1 at 10–11*. Shortly after, Officers Vaughn and Ephlin arrived at the scene and they, along with Officer Dunkin, arrested him. Spears says the officers unlawfully searched his car, stole jewelry from the car, used excessive force during his arrest, and ignored his need

for medical care. He also alleges Officer Dunkin sexually abused him while Officer Vaughn stood by and watched.

Spears was taken to the Osceola Police Department where he says he was again denied medical care. *Doc. 1 at 13–14.* He also alleges generally that the defendants have a history of conspiring against poor African Americans to secure unjust criminal convictions. *Doc. 1 at 14-16.* And Spears says that, the following day, Officer Dunkin gave him an additional traffic charge in retaliation for his prior civil lawsuits against Officer Dunkin's friends and coworkers. *Doc. 1 at 14.*

Spears's individual capacity claims against Officers Ephlin, Vaughn, and Dunkin go forward, in part. His complaint states plausible claims for unlawful stop, excessive force, deliberate indifference to medical needs, failure to protect, and state-law conversion against the officers. He has also sufficiently pleaded a retaliation a claim against Officer Dunkin.

Spears's illegal search and conspiracy claims, however, fail and will be dismissed without prejudice. Officer Dunkin's flashlight search of the area in plain view was reasonable. *See e.g., United States v. Hatten,* 68 F.3d 257, 261 (8th Cir. 1995); *Reeves v. State,* 20 Ark. App. 17, 26, 722 S.W.2d 880, 885 (Ark. Ct. App. 1987). And, the officers' later search of the car was justified both by Officer Dunkin having smelled marijuana and as a search incident to arrest. *United States v. Smith,* 789 F.3d 923, 928 (8th Cir. 2015). Spears has also failed to state a claim

for conspiracy because his complaint contains nothing more than legal conclusions and speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). His allegations are not pleaded with enough specificity and factual support to suggest the defendants had a meeting of minds directed toward the unconstitutional action. *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983).

    The Court directs the Clerk to issue summonses for defendants Ephlin, Vaughn, and Dunkin and deliver them, along with a copy of the complaint and this Order, to the United States Marshal for service. The Marshal must serve these papers on these defendants by restricted delivery, return receipt requested at the Osceola Police Department. Spears does not have to prepay the fee or costs.

    So Ordered.

                             */s/ D.P. Marshall Jr.*
                             D.P. Marshall Jr.
                             United States District Judge

                             30 November 2022